# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>        Plaintiff,<br><br>  v.<br><br>CHAD OWENS,<br><br>        Defendant. | Case No. 2:25-mj-268<br><br>Magistrate Judge Kimberly A. Jolson |

## MOTION TO DISMISS CHARGE IN COMPLAINT

NOW COMES the Defendant, Chad Owens, by and through his undersigned counsel, and respectfully requests that the Court dismiss the Destruction of Evidence (18 U.S.C. § 1519) offense charged in the Criminal Complaint and Arrest Warrant (Doc #: 1; 2) issued in this matter for the reasons stated in the following memorandum.

## Memorandum

**I. Background**

On May 8, 2025, Federal Bureau of Investigation (FBI) Special Agent Matthew Guinn (SA Guinn) presented a Criminal Complaint to the Court against Chad Owens. (Doc #: 1). In support of the complaint, SA Guinn provided a sworn affidavit alleging that probable cause existed that Mr. Owens had committed three federal offenses: Sexual Exploitation of a Minor/ Advertisement/ Solicitation for Child Pornography, in violation of 18 U.S.C. § 2251, Possession Distribution, and/or Receipt of Child Pornography, in violation of 18 U.S.C. §§ 2252 and 2252A, and Destruction of Evidence in a Federal Investigation, in violation of 18 U.S.C. § 1519. (*See* Complaint, Doc #: 1; Affidavit, Doc #: 1-1).

As evidenced by the complaint and affidavit, SA Guinn swore to the allegations outlined in the complaint and affidavit before United States Magistrate Judge Kimberly A. Jolson. (*Id*.). Magistrate Judge Jolson issued an arrest warrant for Mr. Owens on May 8, 2025. (Doc #: 2).

Mr. Owens, through undersigned counsel, respectfully submits that probable cause as to the charge of Destruction of Evidence in a Federal Investigation, in violation of 18 U.S.C. § 1519, is unsupported by the statement of essential facts contained in the affidavit supporting the complaint and arrest warrant and, therefore, the complaint and arrest warrant should be dismissed as to these charges.

## II.     Law and Argument

A "complaint is a written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 3. "If the complaint or one or more affidavits filed with the complaint establish probable cause to believe that an offense has been committed and that the defendant committed it, the judge must issue an arrest warrant to an officer authorized to execute it." Fed. R. Crim. P. 4(a).

In *Jaben v. United States*, the Supreme Court confirmed that when reviewing a criminal complaint, "a magistrate is intended to make a neutral judgment that resort to further criminal process is justified." 381 U.S. 214, 224 (1965). "A complaint must provide a foundation for that judgment. It must provide the affiant's answer to the magistrate's hypothetical question, 'What makes you think that the defendant committed the offense charged?'" *Id*. (citation omitted). The *Jaben* Court further explained:

> There is a difference between disbelieving the affiant and requiring him to indicate some basis for his allegations . . . . It simply requires that enough information be presented to the [court] to enable him to make the judgment that the charges are not capricious and are sufficiently supported to justify bringing into play the further steps of the criminal process.

*Id*. at 224-225.

Federal Criminal Rules 3 and 4 formalized a foundational notion about due process: "A complaint should be entertained and a warrant issued only upon persuasive evidence 'that there is probable cause to believe that an offense has been committed and that' the person accused 'has committed it.'" *United States ex rel. Spader v. Wilentz*, 25 F.R.D. 492, 495 (D.N.J. 1960) (citations omitted). These rules must be "strictly enforced." *Id*.

Mr. Owens submits that as to the charge of Destruction of Evidence under 18 U.S.C. § 1519, the affidavit in support of the complaint and arrest warrant is so lacking in any factual basis to support this offense that it is inadequate to establish probable cause that Mr. Owens committed the offense.

**The affidavit contains no facts establishing probable cause that Mr. Owens committed a violation of 18 USC § 1519.**

In the complaint and affidavit, SA Guinn asserts that Mr. Owens committed an offense of 18 U.S.C. § 1519 and describes this offense as "Destruction of Evidence in a Federal Investigation." (Doc #: 1). To be certain, 18 U.S.C. § 1519 prohibits the knowing destruction of items in a federal investigation, and more specifically criminalizing the actions of

> [w]however knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States . . .

*Id*.

Through the complaint and affidavit, SA Guinn details communications that occurred between Mr. Owens and other parties. SA Guinn was able to observe these conversations based on investigation materials obtained from sources other than Mr. Owens. Because of the communications, investigators attempted to locate and seize Mr. Owens' digital media devices, and more specifically his cellular telephone that they suspected he used in connection with the

3

activity detailed in the complaint and affidavit. But investigators have been unable to locate or seize Mr. Owens' cellphone.

According to the complaint and affidavit, on April 16, 2025, the FBI attempted to contact Mr. Owens to advise him that it had a search and seizure warrant for his cellphone. (*See* Doc #1-1, PAGEID #: 5). SA Guinn then recounts that the FBI later obtained video footage showing that while they were trying to contact and meet with Mr. Owens, he had a cellphone with him—in his hand. (*Id*.). SA Guinn then alleges that "[a]gents later learned that the phone was destroyed and are still investigating the circumstances around that destruction." (*Id*.). He does not provide any details about how the cellphone was destroyed, any details connecting Mr. Owens to the destruction, or any evidence that Mr. Owens destroyed the cellphone knowingly and with the requisite intent to impede, obstruct, or influence the investigation.

Mr. Owens submits that SA Guinn's simple statement that the subject cellphone was destroyed does not establish probable cause that Mr. Owens is the individual that destroyed the cellphone in question, that any destruction was done knowingly rather than inadvertently, or that whoever destroyed the cellphone did so with the requisite intent. The allegations contained in the affidavit in support of the complaint merely provide that Mr. Owens had his cellphone at one point, that investigators "later learned" that it had been destroyed, and acknowledges that investigators are still trying to determine what happened as they are "still investigating the circumstances surrounding [the] destruction.". (*Id*.). There can be no dispute that the complaint and affidavit do not identify any evidence or even allege that it was Mr. Owens who knowingly destroyed the cellphone or that Mr. Owens did so with the requisite intent to impede or obstruct an investigation—the essential elements of 18 U.S.C. § 1519.

4

Mr. Owens respectfully submits that the complaint and affidavit seeking an arrest warrant against him based upon a violation of 18 U.S.C. § 1519 is "palpably inadequate and invalid in that it sets forth neither the evidence nor the source of any information which the agent had" to support these violations. *United States v. Beasley*, 485 F.2d 60, 63 (10th Cir. 1973). Wholly missing from the complaint and affidavit as to the violation of 18 U.S.C. § 1519 are the most rudimentary requirements for establishing probable cause to arrest: "'that there is probable cause to believe that an offense has been committed *and that*' the person accused '*has committed it*.'" *United States ex rel. Spader,* 25 F.R.D. at 495 (emphasis added) (citation omitted).

"Time and again the Supreme Court has emphasized that 'probable cause is not a high bar' to clear." *United States v. Christian*, 925 F.3d 305, 311 (6th Cir. 2019) (en banc) (citation omitted). While it is not a high bar to clear, it is not meaningless, and finding probable cause for criminal violations where there have been no facts alleged about the most basic information—the elements of an offense and how a person violated them—is the constitutional floor. That floor has not been met by the complaint and affidavit as to the offense of 18 U.S.C. § 1519.

Therefore, Mr. Owens submits that the complaint and affidavit do not assert facts and information establishing probable cause that Mr. Owens committed a violation of 18 U.S.C. § 1519. This charge should be dismissed from the complaint and arrest warrant as the affidavit supporting this charge does not comply with requirements of Rules 3 and 4 of the Federal Rules of Criminal Procedure.

### III. Conclusion

Without making any admission of guilt at this stage of the proceedings, Mr. Owens accepts that the complaint and affidavit contain details sufficient to support a finding that probable cause exists linking him to an offense under 18 U.S.C. § 2251, 18 U.S.C. § 2252 and/or 18 U.S.C.

5

§ 2252A, however he submits that the same cannot be said for the offense under 18 U.S.C. § 1519 and respectfully asks that the Court dismiss that charge from the complaint, affidavit, and arrest warrant (Doc #: 1; 2).

Respectfully submitted,

*/s/Michael J. Hunter*
Michael J. Hunter (0076815)
**Flannery | Georgalis, LLC**
175 S. Third Street, Suite 1060
Columbus, OH 43215
M. Hunter Tel/Fax: (380) 222-2421
mhunter@flannerygeorgalis.com

*Attorney for Defendant Chad Owens*

**CERTIFICATE OF SERVICE**

  I hereby certify that on May 30, 2025, a copy of the foregoing was filed electronically using the Court's CM/ECF system. Notice of this filing will be sent to the represented parties by the operation of the Court's electronic filing system.

              */s/Michael J. Hunter*
              Michael J. Hunter (0076815)

              *Attorney for Defendant Chad Owens*